UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nick Prickel et al., | |
| Movants, | |
| -against- | |
| Will Walton, | |
| Respondent. | |

26-MC-113 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

The Court previously instructed the parties that it would wait for Judge Stein to issue his report and recommendation in *Barnhurst v. Zwick*, No. 1:26-mc-123-JPC-GS. Dkt. 27. Judge Stein has since issued his report and recommendation (which Judge Cronan has adopted), and the parties have filed letters with the Court indicating whether its analysis should control the same issues in this case. *Barnhurst v. Zwick*, 2026 WL 1464939 (S.D.N.Y. May 5, 2026), *report and recommendation adopted at* 2026 WL 1471657 (S.D.N.Y. May 26, 2026).

The Court has reviewed Judge Stein's thoughtful opinion as well as movants' objections and DENIES the motion to quash. As an initial matter, the Court drops the non-diverse parties and allows this case to proceed solely against Will Walton, as movants suggest (and respondents don't take issue with). Dkt. 23. Moving to the harder question, the Court agrees with Judge Stein that Section 7 of the FAA does not grant the Court authority to quash an arbitral summons. Section 7's text provides only that the Court "may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt." 9 U.S.C. § 7. The Court also agrees with Judge Stein that Rule 45 would not apply here because any motion to quash a subpoena must be filed in the "court for the district where compliance is required," Fed. R. Civ. P. 45(d)(3)(A), and—central to this dispute, in fact—compliance with these subpoenas is not required in this district.

The Court is not convinced by movants' arguments to the contrary. They rely principally on *Turner v. CBS Broadcasting Inc.*, 559 F. Supp. 3d 187 (S.D.N.Y. 2022). In movants' words, *Turner* held that, although "the plain text of Rule 45(d)(3)(A) speaks only to the power to quash or modify arbitral subpoenas," it anyway "empower[s] courts to decline to compel or enforce arbitral subpoenas." Dkt. 29 at 2. While *Turner* involved Rule 45, and not Section 7 of the FAA, they use it to make the broader point that "the power to compel and the power to quash are two sides of the same coin," *id*., noting that Judge Stein relied on an earlier decision by the same judge, which expressed "considerable doubt" that the FAA grants courts the power to quash an arbitral subpoena. *Barnhurst*, 2026 WL 1464939, at *5 (quoting *Odfjell Asa v. Celanese AG*, 348 F. Supp. 2d 283, 288 (S.D.N.Y. 2004)). But the Court is not persuaded that Judge Stein's careful treatment

of the statutory text and caselaw is undermined by a case that interpreted a *different provision* in a non-textual fashion.

Contrary to movants' position, this Court's decision doesn't mean that "no court can presently adjudicate the enforceability of these Subpoenas." Dkt. 29 at 3. There are ongoing proceedings in two other districts in which the respondents have brought motions to compel *against* these movants. Those are venues in which this dispute may be heard. Curiously, these movants have *opposed* those motions, arguing that those courts are the wrong places to "adjudicate the enforceability of these Subpoenas." One of these courts has already held that venue in that court is proper, *Zwick v. Prickel*, 2026 WL 1454305 at *2 n.1 (N.D. Cal. May 22, 2026) (agreeing also that "freestanding motions to quash, like the one filed by Prickel in the Southern District of New York, are improper under Section 7 of the FAA"); the other has yet to decide. So individuals in movants' position have an available forum to oppose arbitral subpoenas—where any motion to compel is properly filed.

SO ORDERED.

Dated: May 29, 2026
      New York, New York

_____
     ARUN SUBRAMANIAN
     United States District Judge

2